| | |
|---|---|
| ALLEN ANCAR (#299054) | CIVIL ACTION |
| VERSUS | |
| | 18-03-JWD-RLB |
| RANDALL ROBERTSON, ET AL. | |

## ORDER

Before the Court is a Motion to Set Aside Clerk's Entry of Default (R. Doc. 15) filed on behalf of defendants Randall Robertson and William Folk. No opposition has been filed to the motion. The motion is therefore unopposed.

Defendants Robertson and Folk were served on May 7, 2018, and on June 8, 2018 an entry of default was entered against defendants Robertson and Folk pursuant to the plaintiff's Motion. *See* R. Docs. 10, 12 and 13. On June 13, 2018, defendants Robertson and Folk filed the instant motion, wherein they assert that that the entry of default should be set aside due to a delay in the assignment of counsel, there would be no prejudice to the plaintiff, and they have a meritorious defense to the plaintiff's claims.

"The court may set aside an entry of default for good cause." Federal Rule of Civil Procedure 55(c). "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether settling it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* These factors are not exclusive, and another factor includes if defendant acted expeditiously to correct the default. *Id.* "When ... a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to

convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese-Manufactured Drywall Products*, 742 F.3d 576, 594 (5th Cir. 2014).

Here, the above factors weigh in favor of setting aside the entry of default. First, the defendants' default does not appear willful. Rather, there was a delay between service of process and assignment of counsel. Second, the Court does not believe that the plaintiff would be prejudiced by having to prove the merits of his claims, particularly considering the fact that this case has no trial date set. Third, it appears that defendants may have a meritorious defense to the federal claims pending against them. And fourth, the defendants acted expeditiously in correcting the problem. The entry of default occurred on June 8, 2018, and the defendants answered this suit on June 13, 2018. *See* R. Docs. 13 and 14.

In sum, defendants Robertson and Folk have demonstrated that setting aside the entry of default is appropriate. Accordingly,

**IT IS ORDERED** that defendants' Motion (R. Doc. 15) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 25, 2018.

　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**