## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN ANCAR (#299054)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **18-03-JWD-RLB** |
| **RANDALL ROBERTSON, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN ANCAR (#299054)                                              CIVIL ACTION

VERSUS

                                                                                    18-03-JWD-RLB

RANDALL ROBERTSON, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants Randall Robertson and William Folk (R. Doc. 49). The Motion is opposed. *See* R. Doc. 58.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Col. Randall Robertson, Officer William Folk, and former legal programs director Trish Foster complaining that his constitutional rights have been violated due to the defendants' retaliation for filing a grievance regarding alleged unconstitutional conditions of confinement.[1]

Defendants Robertson and Folk move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and copies of a May 5, 2017 Disciplinary Board Hearing

---

[1] The summons issued to Trish Foster was returned unexecuted on May 14, 2018. The return indicates that Foster is no longer employed by the DOC. *See* R. Doc. 11. After the plaintiff was informed that Foster had not been served, and despite notice of the US Marshal being appointed in this matter for service of process, he elected to attempt to have Foster served via the District Attorney for Avoyelles Parish, which was unsuccessful for a number of reasons. *See* R. Doc. 37. The plaintiff has not taken any additional steps to effectuate service on this defendant. Accordingly, it is recommended that any claims against Trish Foster be dismissed without prejudice for failure to serve her within the time periods required under Rule 4 of the Federal Rules of Civil Procedure. A review of the merits of the plaintiff's claims against Foster, regarding the handling of his grievance, would fare no better. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller*, 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).

Report, LSP Directive No. 18.002, and ARP No. LSP-2017-1493 Input Report. The plaintiff opposes the Motion relying upon the pleadings, a Statement of Undisputed and Disputed Facts, the declarations of Tory Boatner, Arthur Lewis, and Brandon Earls, the plaintiff's own declaration, results of the plaintiff's internal review board hearing, and a copy of L.A.C. Title 22 § 325, Part I. Corrections.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the

evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following with regards to defendants Robertson and Folk: On April 5, 2017 he submitted a form to defendant Folk, a classification officer, requesting a change in work assignment. On April 10, 2017, the plaintiff filed a grievance regarding alleged unconstitutional conditions of confinement, which included claims made against Assistant Warden Ray Vittorio. The plaintiff's request for a change in work assignment was denied on May 31, 2017 for lack of eligibility due to rule violations which occurred on May 5, 2017.

Defendant Robertson is Assistant Warden Vittorio's designee for reviewing and approving requests for changes in work assignments. Defendants Folk and Robertson colluded to delay processing the plaintiff's job change form, until the plaintiff committed a rule violation, in retaliation for the plaintiff's filing of a grievance against Assistant Warden Vittorio.

Defendants Robertson and Folk assert, *inter alia*, that they are entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the moving defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step

in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[2]

Undertaking the qualified immunity analysis with respect to the plaintiff's claim for retaliation asserted against defendants Robertson and Folk, the Court finds that motion for summary judgment should be granted. Specifically, the Court finds that the plaintiff has failed to provide competent summary judgment evidence showing that the defendants retaliated against him for the exercise of his First Amendment rights.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir.

---

[2] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is Plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

The competent summary judgment evidence submitted by the moving defendants shows that between the filing of the plaintiff's request for a change in work assignment and review thereof, the plaintiff committed an Aggravated Work Offense by refusing to report to work.[3] *See*

---

[3] The plaintiff also committed the offense of Defiance by failing to obey direct verbal orders to report for work.

R. Doc. 49-2. Penitentiary Directive No. 18.002 provides, in pertinent part, that an offender's conduct record will be considered when the Reclassification Board meets to consider requests for changes in work assignments. The directive further provides that offenders who commit serious rule violations are not eligible to request changes in their job and are subject to being reassigned to less appealing jobs. *See* R. Doc. 49-3.

Though the plaintiff has filed an opposition, the plaintiff has not come forth with any competent summary judgment evidence showing that his request for a change in work assignment was denied for any reason other than having recently committed an Aggravated Work Offense. Although his Complaint is verified and can be considered as competent summary judgment evidence, and although the plaintiff has submitted sworn declarations, these documents fail to show the existence of a genuine issue of material fact.[4] These documents fail to establish that the alleged retaliatory action was more than *de minimus*. The plaintiff asserts only that he was denied a change in work assignment. The Fifth Circuit has found that a change to a less desirable job assignment is not greater than *de minimus* for purposes of an actionable retaliation claim. *See Morris v. Powell,* 449 F.3d 682, 687 (5th Cir. 2006). As such, this Court cannot say that mere denial of a change in work assignment alone, or simply keeping someone in their current work assignment, constitutes a retaliatory action that is greater than *de minimus*.

Additionally, the evidence submitted by the plaintiff fails to establish that "but for" the retaliatory motive, the adverse action would not have occurred. As previously noted, between the filing of his job request and review of the same, the plaintiff committed an Aggravated Work Offense by refusing to report to work. Due to the disciplinary action, the plaintiff's request was

---

[4] The plaintiff's Complaint contains only the conclusory allegation that the moving defendants conspired to delay review of job change request until the plaintiff committed a rule violation. The Declarations of inmates Boatner, Lewis, and Earls offer no relevant information, and the plaintiff's Declaration pertains entirely to his claims against Trish Foster, who has not been served.

denied.  The plaintiff has not offered anything other than his own personal belief[5] that his request was denied in retaliation for filing a grievance.  Accordingly, based upon the record before the Court, the moving defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc 49) be granted, dismissing the plaintiff's claims against defendants Robertson and Folk with prejudice.  It is further recommended that the plaintiff's claims against Trish Foster be dismissed without prejudice for failure to timely effect service upon her, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[5] The plaintiff believes the moving defendants colluded to wait to review his job change request for an unknown period of time until the plaintiff committed a rule violation.  The plaintiff makes no reference to the required third member of the Reclassification Board.  *See* R. Doc. 49-3, p. 5.