UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN ANCAR (#299054)** | **CIVIL ACTION** |
| **VERSUS** | |
| **RANDALL ROBERTSON, ET AL.** | **18-3-JWD-RLB** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 12, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN ANCAR (#299054)                                                          CIVIL ACTION

VERSUS
                                                                                              18-03-JWD-RLB
RANDALL ROBERTSON, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 2, 2022, the United States Court of Appeals for the Fifth Circuit issued a mandate reversing the dismissal of defendant Trish Foster, and remanding plaintiff's claims against Foster back for further proceedings in this Court. Foster was no longer employed by the Department of Corrections and no other defendants remained in this case; therefore, the Court, *sua sponte,* issued a subpoena to the Secretary of the Department of Corrections directing the Secretary to file Foster's last known address under seal. *See* R. Doc. 76.

Defendant Foster's last known address was filed under seal, and on September 16, 2022, the United States Mashal's Office was ordered to serve the defendant. *See* R. Doc. 80. The Court's Order was returned as undeliverable because the plaintiff had been transferred to a new facility. On December 29, 2022, the Court granted the plaintiff an additional 45 days to effect service upon defendant Foster and ordered that all pertinent documents be forwarded to the plaintiff at his new address. *See* R. Doc. 83. This included the USM-285 form which must be filled out by plaintiff in order for service.

A subsequent review of the record revealed that defendant Foster had not been served. Plaintiff has not completed the required USM-285 form or provided any explanation for his failure to do so. Accordingly, on May 31, 2023, the Court ordered the plaintiff to show cause

why his claims should not be dismissed for failure to serve defendant Foster with the time allowed by Federal Rule of Civil Procedure 4(m). *See* R. Doc. 85.

Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to request or effectuate such service. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve Defendant Foster as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on October 12, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**